IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICENTE THOMAS SANDOVAL,

    Petitioner,

v.                                                                                    Civ. No. 18-448 KG/GBW

VINCE HORTON and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Vicente Thomas Sandoval's Habeas Corpus Petition Under 28 U.S.C. § 2254 (Petition). (Doc. 1). Also before the Court is his Motion to Appoint Counsel (Motion). (Doc. 6). Sandoval is an inmate at the Lea County Correctional Facility (LCCF) and is proceeding *pro se.* He asks the Court to vacate his state sentence for first degree murder. After reviewing the matter *sua sponte* under Habeas Corpus Rule 4, the Court will dismiss the Petition as untimely and deny the Motion.

I. Background

On March 30, 2004, Sandoval pled no contest to first degree murder in violation of N.M.S.A. 1978 § 30-2-1(A). (Doc. 1) at 1; Change of Plea Hearing entry in case no. D-1215-CR-2003-00160.[1] The state court sentenced him to life imprisonment. (Doc. 1) at 1.

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

Judgment on his conviction and sentence was entered April 19, 2004. *Id.;* CLS: Judgment/ Sentence/Commitment in case no. D-1215-CR-2003-00160. Sandoval did not file an appeal. (Doc. 1) at 2. The Judgment therefore became final no later than May 20, 2004, after the expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining petitioner's judgment becomes final for purposes of § 2254 when time for seeking state appellate review expires); NMRA, Rule 12-201 (providing that notice of appeal must be filed within 30 days after entry of judgment).

There was no activity in Sandoval's criminal case for about six years. On February 25, 2010, he began filing state habeas petitions. (Doc. 1) at 2; Habeas Corpus Petition in case no. D-1215-CR-2003-00160. The various state habeas proceedings continued until March 28, 2018, when the New Mexico Supreme Court denied his petition for writ of certiorari. (Doc. 1) at 6; Order entered in case no. S-1-SC-34242.

Sandoval filed the federal § 2254 Petition on May 11, 2018. (Doc. 1). The petition raises claims based on, inter alia, ineffective assistance of counsel and due process violations. (Doc. 1) at 5, 7.

II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for habeas corpus petitions. 28 U.S.C. § 2244(d). The limitation period generally begins to run from the date on which a prisoner's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year period can be extended:

(1) While a properly filed state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because AEDPA's one-year limitation period is not jurisdictional, the period may be extended through equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

By a Memorandum Opinion and Order entered March 24, 2018, the Court directed Sandoval to show cause why his Section 2254 petition should not be dismissed as untimely. (Doc. 3). The petition reflects the one-year limitation period expired in May, 2005, about 13 years before Sandoval filed his federal habeas petition on May 11, 2018. In his show-cause response, Sandoval argues the untimely petition should not be dismissed based on 28 U.S.C. § 1291 and Fed. R. Crim. P. 52. (Doc. 12) at 1-3. He also invokes the "miscarriage of justice" exception to the one-year limitation period. *Id.*

A. *Tolling Based on 28 U.S.C. § 1291 and Fed. R. Crim. P. 52.*

Section 1291 of Title 28 pertains to federal appellate jurisdiction. It provides, in full:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

The statute cannot be read to govern state criminal judgments, habeas petitions, limitation periods, or any matters relating to 28 U.S.C. §§ 2244 or 2254.

Fed. R. Crim. P. 52 is similarly unhelpful. Rule 52 distinguishes "harmless error" from

3

"plain error," the key difference turning on whether the error affects substantial rights. Sandoval appears to argue the untimely Petition should be permitted because the state court committed "plain error." (Doc. 4) at 2. However, the federal rules of criminal procedure are not applicable to § 2254 habeas proceedings. *Compare* Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all *criminal* proceedings in the United States district courts....") (emphasis added) *with* Habeas Corpus Rule[2] 1(a)(1) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 by … a person in custody under a state-court judgment...."). Sandoval is therefore not entitled to tolling or other relief under 28 U.S.C. § 1291 or Fed. R. Crim. P. 52.

B. *Miscarriage of Justice Exception*

"To invoke the miscarriage of justice exception[,] … a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of … new evidence" demonstrating actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Bruce v. Clementi,* 720 Fed. App'x 955, 957 (10th Cir. 2018) (noting § 2254 petitioner "failed to make the showing of actual innocence necessary to establish a fundamental miscarriage of justice"); *Taylor v. Neven,* 2010 WL 3001633, * 18 (D. Nev. July 27, 2010) ("In the absence of a showing of actual innocence, there otherwise is not a separate exception for a 'miscarriage of justice.'"). The "exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010). The petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial ...." *Schlup*, 513 U.S. at 316. Examples of new reliable materials include "exculpatory

---

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010.

4

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence … that was not presented at trial." *Id.* at 324.

Neither the Petition nor the Response presents new, reliable evidence of actual innocence. Instead, Sandoval argues the state court denied him due process during his criminal trial, which "resulted in a miscarriage of justice." (Doc. 4) at 3. This allegation, if true, has no bearing on whether he actually committed murder. *See U.S. v. Maravilla,* 566 Fed. App'x 704, 708 (10th Cir. 2014) (noting that "legal innocence … include[ing] procedural defects invalidating a conviction" are not sufficient to show actual, factual innocence). Sandoval's argument therefore fails, and the Court must dismiss the § 2254 Petition as untimely. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11(a), as Sandoval has failed to make a substantial showing that he has been denied a constitutional right. Finally, the Motion to Appoint Counsel will be denied as moot.

**IT IS ORDERED**:

1. Vicente Thomas Sandoval's Habeas Corpus Petition Under 28 U.S.C. § 2254 (Doc. 1) is dismissed with prejudice; a certificate of appealability is denied; and judgment will be entered.

2. The Motion to Appoint Counsel (Doc. 6) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE