IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICENTE THOMAS SANDOVAL,

    Petitioner,

v.                                                      Civ. No. 18-448 KG/GBW

VINCE HORTON and ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Vicente Thomas Sandoval's Response to Memorandum Opinion and Order (Response) and Motion for Summary Judgment (Motion). (Docs. 10, 12). Both filings seek relief from the ruling dismissing his 28 U.S.C. § 2254 habeas petition as time-barred. (Doc. 7). Sandoval filed the petition about 13 years after expiration of the habeas limitations period, and tolling principles did not apply. *Id.*

Sandoval filed the initial Response within twenty-eight days after entry of the Judgment. (Docs. 8, 10). Therefore, the Court will analyze his arguments under the more favorable standard set forth in Fed. R. Civ. P. 59(e).[1] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008). Grounds for reconsideration include: (1) an intervening change in the controlling law; (2) newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quotations omitted). A motion to reconsider is also appropriate where the "court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*,

---

[1] Unlike the Motion for Summary Judgment, it is not clear whether the Response qualifies as a proper post-judgment motion to reconsider. Nevertheless, the Court will treat the Response as a timely Rule 59 motion. Such construction does not change the result, as both filings plainly fail under Rule 59 and Rule 60.

204 F.3d 1005, 1012 (10th Cir. 2000). However, Rule 59(e) cannot be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Courts have considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Here, Sandoval has not pointed to any new law or evidence. He continues to argue the merits of his habeas claims. He contends he was incompetent when he pled no contest to first degree murder in state court. (Doc. 10) at 2-3; (Doc. 12) at 3-4. He also argues the state conviction is not entitled to deference under 28 U.S.C. § 2254, which bars relief unless the Federal Court finds an "unreasonable application of clearly established law." (Doc. 12) at 2-3. None of these arguments impact the timeliness of Sandoval's habeas petition. It is well established that a petitioner "must … satisfy the procedural requirements of" Section 2254 before the Court can "address[] the merits of [his] claim." *United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018). Therefore, the Response and Motion seeking reconsideration will be denied.

To the extent necessary, the Court will also deny a certificate of appealability under Habeas Corpus Rule 11(a). Sandoval has failed to demonstrate reasonable jurists would debate this ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

IT IS ORDERED:

1. The Response and Motion (Docs. 10, 12) seeking reconsideration of the ruling dismissing Sandoval's 28 U.S.C. § 2254 habeas petition are denied.

2. A certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE